IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TIME 2 SHINE BMX, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:25-cv-08265-DCN |
| vs. ) | |
| ) | ORDER |
| MATTHEW MCEVOY and ) | |
| STRADA GROUP, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The following matter is before the court on defendants Matthew McEvoy ("McEvoy") and Strada Group, LLC ("Strada Group") (together with McEvoy, "Defendants") motion to dismiss for lack of personal jurisdiction. ECF No. 19. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This action arises from a dispute concerning the sale of a business. ECF No. 1, Compl. ¶ 1. Plaintiff Time 2 Shine, LLC ("Plaintiff" or the "Business") is a South Carolina limited liability company. Id. ¶ 2. Its single member is a holding company owned by Mark Shadek ("Shadek"), a resident of Charleston, South Carolina. Id. Strada Group is a New Jersey limited liability company owned by defendant McEvoy, a resident of Philadelphia, Pennsylvania. Id. ¶¶ 3–4.

The court provided a detailed factual and procedural background of this action in its order denying Plaintiff's motion for a preliminary injunction on February 3, 2026. See ECF No. 29. In relevant part to the instant motion, Defendants sold the Business to Shadek by executing an "Asset Purchase Agreement" (the "Agreement") on April 17,

1

2025.  Compl. ¶ 13.  Upon taking control of the Business, Shadek was unable to access necessary accounts and business records, and he received complaints from customers and suppliers regarding past incidents of scams, failed deliveries, and refused refunds.  Id. ¶ 16.  Shadek sought to rescind the sale of the Business after discovering what he believed were false representations by McEvoy, including the viability and value of the Business and that McEvoy was involved in personal bankruptcy proceedings at the time of the sale.  Id. ¶¶ 17–20.

Defendants filed a motion to dismiss for lack of personal jurisdiction on August 8, 2025.  ECF No. 19.  Plaintiff responded in opposition on August 12, 2025.  ECF No. 22.  The court held a hearing on the motion August 13, 2025.  As such, the motion is fully briefed and now ripe for the court's review.

## II.  STANDARD

A party may challenge the court's power to exercise personal jurisdiction over it through a motion under Federal Rule of Civil Procedure 12(b)(2).  "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence."  Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).  However, the plaintiff's burden when confronted with a particular jurisdictional challenge varies depending on the stage of the litigation, the posture of the case, and the evidence before the court.  Id.; Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016); Sec. & Exch. Comm'n v. Receiver for Rex Ventures Grp., LLC, 730 F. App'x 133, 136 (4th Cir. 2018).

When a court rules on a personal jurisdiction issue presented in a pretrial motion prior to holding an evidentiary hearing, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs, 886 F.2d at 676. In such circumstances, much like when reviewing motions made pursuant to Rule 12(b)(6), "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. "In doing so, however, the court need not 'credit conclusory allegations or draw farfetched inferences.'" Masselli & Lane, PC v. Miller & Schuh, PA, 215 F.3d 1320 (4th Cir. 2000) (unpublished table decision) (quoting Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)). "Unlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." Hawkins, 935 F.3d at 226.

If the plaintiff's allegations are sufficient to make a prima facie case for personal jurisdiction, the court may deny the Rule 12(b)(2) motion and later revisit the question or defer ruling on the motion until the parties have had the opportunity to develop the factual record. Combs, 886 F.2d at 676; Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd., 911 F.3d 192, 196–97 (4th Cir. 2018); Mylan Lab'ys Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). District courts have broad discretion to allow discovery to help resolve personal jurisdiction issues, Mylan Lab'ys, 2 F.3d at 64, and jurisdictional discovery should normally be permitted "[w]hen the Plaintiff's claim does not appear to be frivolous," Cent. Wesleyan Coll. v. W.R. Grace & Co., 143 F.R.D. 628, 644 (D.S.C.

1992), aff'd 6 F.3d 177 (4th Cir. 1993). Yet, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003); see also Pandit v. Pandit, 808 F. App'x 179, 183 (4th Cir. 2020) ("Jurisdictional discovery is proper when the plaintiff has alleged sufficient facts to suggest the possible existence of personal jurisdiction."). Moreover, "[a] party is not entitled to discovery that would be futile or otherwise inadequate to establish a sufficient basis for jurisdiction." Seaside Farm, Inc. v. United States, 842 F.3d 853, 860 (4th Cir. 2016). Once the factual record is developed and presented to the court, either at an evidentiary hearing or at trial, the plaintiff has the burden of proving facts supporting jurisdiction by a preponderance of the evidence. Grayson, 816 F.3d at 268.

### III.   DISCUSSION

Defendants move to dismiss all claims against McEvoy. ECF No. 19 at 1–8. They argue that the grounds for personal jurisdiction pleaded by Plaintiff—the forum selection clause and waiver of objections to personal jurisdiction provisions of the Agreement—are not applicable to McEvoy. Id. at 1–5. Additionally, Defendants argue that McEvoy lacks sufficient contacts with South Carolina to establish personal jurisdiction. Id. at 6–8. Because the court finds that McEvoy consented to personal jurisdiction in South Carolina by entering the Agreement, the court denies Defendants' motion to dismiss.

It is well settled that "parties to a contract may agree in advance to submit to the jurisdiction of a given court." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982) (quoting Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 316 (1964)). "[A] valid forum selection clause, unlike a choice of law clause,

4

may act as a waiver to objections to personal jurisdiction." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 282 n.11 (4th Cir. 2009) (citing Szukhent, 375 U.S. at 316); see also Revman Int'l, Inc. v. SEL Mfg. Co., 2019 WL 10893956, at *4 (D.S.C. Mar. 26, 2019) (finding a defendant had consented to exclusive jurisdiction of the court and waived objections to personal jurisdiction by entering a contract containing a valid forum selection clause).

Plaintiff plead that the court has personal jurisdiction over McEvoy "pursuant to Sections 9.5 and 9.6 of the Asset Purchase Agreement." Compl. ¶ 5. Section 9.5 states that the Agreement "shall be governed by . . . the laws of the United States and the State of South Carolina (the "Governing State")." ECF No. 1-2 at 12. Pursuant to the forum selection clause of Section 9.6, all disputes relating to the Agreement "shall be resolved in any state or federal district court located in the Governing State." Id. Further, Section 9.6 provides that "each of the parties hereby consents and irrevocably submits to the in personam jurisdiction of the state and federal courts located in the Governing State" and waives "any defense of lack of in personam jurisdiction." Id. at 12–13.

Read together, Sections 9.5 and 9.6 of the Agreement are a forum selection clause and waiver of objections to personal jurisdiction. See id.; Ins. Corp. of Ireland, 456 U.S. at 704. McEvoy personally signed the Agreement, expressly acknowledging that he "agreed to be bound by the applicable provisions of the Agreement." Id. at 14. As a party to the Agreement, McEvoy consented to and waived all objections to personal jurisdiction in South Carolina. See Consulting Eng'rs Corp., 561 F.3d at 282 n.11. Thus, Plaintiff has made a prima facie showing that the court has personal jurisdiction over

McEvoy in South Carolina, and the court denies Defendants' motion to dismiss for lack of personal jurisdiction.  See Combs, 886 F.2d at 676.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** Defendants' motion to dismiss for lack of personal jurisdiction.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 4, 2026**
**Charleston, South Carolina**